**UNITED STATES DISTRICT COURT**
**FOR THE  DISTRICT OF COLUMBIA**


| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | **:** | |
| | **:** | |
| **v.** | **:** | **Criminal Case No. 06-357 (CKK)** |
| | **:** | |
| **KHAN MOHAMMED** | **:** | |


<u>**OPPOSITION TO DEFENDANT'S MOTION TO SUPPRESS STATEMENTS**</u>

The United States, by and through undersigned counsel, respectfully opposes Defendant's Motion to Suppress Statements.  In short, the bases of the defendant's motion are  the claims that the defendant's statement was involuntary, and that he was not adequately apprised of his rights prior to speaking with authorities.  In support of its opposition, the government states as follows:


I) <u>Factual Summary</u>

On October 29, 2006 at approximately 8:35 am, the defendant, an approximately 35 year old man and a tribal elder, was arrested at a roadside checkpoint by members of Afghanistan's National Interdiction Unit (NIU) for his involvement in the distribution of drugs in Nangarhar Province, Afghanistan.  The arrest was without incident, and no force was used against the defendant.  Upon his arrest, the defendant was taken by an NIU officer, accompanied by 2 special agents with the U.S. Drug Enforcement Administration (DEA), to a detention center located at the Jalalabad Airfield in Jalalabad.  Once there, he was first placed in a holding cell, and then, after being permitted to use the restroom, in an interview room.

At 10:22 am, DEA Special Agent Jeffrey Higgins, through a Pashto interpreter, advised the

defendant of his rights pursuant to <u>Miranda v. Arizona</u>, 382 U.S. 436 (1966) by reading verbatim from his agency-issued advice of rights card (DEA form 13A "Advice of Rights"- attached as Exhibit A).[1]  The defendant indicated that he understood what the agent told him, and stated that he was willing to answer questions.  In Special Agent Higgins' opinion, based on his training and experience, the defendant was not under the influence of either alcohol or drugs.  From 10:22 am to 11:30 am, DEA Special Agents Higgins and Tucker Cowles interviewed the defendant through the interpreter.   The agents then took a break, permitting the defendant to use the restroom, pray and eat lunch.  At 12:42 pm, the agents continued their interview of the defendant, which concluded at 1:20 pm.[2]

Throughout the interview, the agents maintained a conversational tone.  At no time during the interview did the defendant request an attorney or indicate that he wished to stop answering questions, nor did the agents make any threats or promises to induce him to speak with them.

At the conclusion of the interview, the defendant was escorted by an NIU officer back to a holding cell.  Special Agent Higgins then notified U.S. military authorities of the defendant's arrest, and they subsequently took custody of him.

II) <u>Legal Analysis</u>

In the defendant's motion, he asserts that the government bears the burden of showing that

---

[1]The defendant speaks Pashto.  The Pashto interpreter, and officer with the NIU, translated both the advice of rights as well as the entirety of the ensuing interview.  During the interview, the interpreter asked the defendant several times if he understood what the interpreter was telling him, and the defendant responded that he did.

[2]A copy of Special Agent Higgins' report summarizing the interview is attached as Exhibit B.

the statement was voluntarily given, and alleges that he was inadequately apprised of his right against self-incrimination.  As a result, he argues that his statement should be suppressed.

A) The Defendant's Statement Was Voluntarily Given

Rather than allege that the statement was involuntary, the defendant simply notes the government's burden of showing that the statement was voluntary.  The totality of the circumstances clearly demonstrate that it was.

In assessing the voluntariness of a statement, the Court must determine under the totality of the circumstances whether the defendant's will has been overborne or his capacity for self-determination is critically impaired.  United States v. Pelton, 835 F.2d 1067, 1071 (4th Cir. 1987).  As a general rule, a statement is not voluntary if it is the result of "coercive police activity," that is, if it is obtained by any sort of threats or violence, . . . by any direct or implied promises, or the exertion of improper influence." Hutto v. Ross, 429 U.S. 28, 30 (1976).

Nothing in this case suggests that the defendant's statement was involuntary.  In fact, the record suggests the contrary.  The defendant, who is an adult and a tribal elder was fully apprised of his rights, as further discussed below.  The questioning was brief, lasting approximately one hour and 45 minutes, and occurred in the middle of the day.  He was allowed a break during the interview, at which time he was fed, allowed to use the restroom and to pray.  According to the agent, at the time of the statement the defendant was alert and sober.  Moreover, the defendant, having been advised of his rights, provided a statement that was primarily exculpatory in nature.  There were no threats, promises, or other inducements made by any government employee to induce the statement.

B. The Statement Was Given After Full Compliance With the Requirements of Miranda v. Arizona.

The United States Supreme Court in Miranda v. Arizona required that those facing custodial

interrogation first be advised of certain rights.  Specifically, the Court stated that:

> . . . we hold that an individual held for interrogation must be clearly informed that he has the right to consult with a lawyer and to have the lawyer with him during interrogation . . . As with the warnings of the right to remain silent and that anything stated can be used in evidence against him, this warning is an absolute prerequisite to interrogation. . . Only through such a warning is there ascertainable assurance that the accused was aware of this right.

Id. at 471-2.[3]

A defendant must be in custody and interrogated before he is entitled to the warnings. California v. Beheler, 463 U.S. 1121 (1983).  A defendant may request that questioning end at any time, and may also request an attorney at any time during the interrogation with law enforcement. A defendant also may waive, or give up, his rights.  United States v. Pelton, 835 F.2d 1067 (4th Cir. 1987).

In any event, a reviewing court will consider the "totality of the circumstances" in deciding whether (1) custodial interrogation took place, and whether (2) the defendant knowingly, intelligently and voluntarily waived his rights before speaking to police.  Beheler, supra.

The government concedes that the defendant was in custody a the time of the statement, and that he gave the statement in response to questions asked by the agents.  That said, prior to such "custodial interrogation", the agents abided by the Miranda requirement, using the attached advice of rights card to advise the defendant of each of his four enumerated rights.  Further, the defendant affirmatively stated that he understood these rights, and freely agreed to waive them and answer the agent's questions, never requesting to consult with an attorney or stop questioning.  The defendant

---

[3] In the following paragraph, the Court noted that financial ability of the defendant has no bearing on the right of the defendant to consult with counsel.

was treated respectfully, and was never promised or threatened in any way to induce him to waive his rights. When viewed under the totality of the circumstances, it is plain that the government abided by its responsibilities and that the defendant knowingly, intelligently and voluntarily waived his rights.

III) Conclusion

For all of the foregoing reasons, the Government respectfully requests that the defendant's motion be denied.

Respectfully submitted

KENNETH A. BLANCO, Chief
Narcotic and Dangerous Drug Section


_____/s/ Matthew Stiglitz_____
Matthew Stiglitz
Julius Rothstein
Trial Attorneys
Narcotics and Dangerous Drug Section
U.S. Department of Justice
1400 New York Avenue, N.W., 8th Floor
Washington, D.C.  20530
(202) 305-3646
matthew.stiglitz@usdoj.gov


Certificate of Service

I hereby certify that a copy of the foregoing motion was electronically filed this 16th day of January 2008 via ECF, which will forward a copy to Carlos Vanegas, Esq., counsel for the defendant.


_____/s/ Matthew Stiglitz_____
Matthew Stiglitz

5