**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| ) | **Criminal No.: 06-357(CKK)** |
| **v.** ) | |
| ) | |
| **KHAN MOHAMMED** ) | |

**DEFENDANT'S MOTION IN LIMINE TO EXCLUDE EVIDENCE OF
MISSILES, THE TALIBAN INSURGENCY, TALIBAN CELLS,
AND ALLEGATIONS OF A PRIOR HISTORY OF DRUG TRAFFICKING**

Defendant, Khan Mohammed, through undersigned counsel, respectfully moves the Court to exclude the government from introducing evidence of seized missiles, the Taliban insurgency, Taliban cells in Nangarhar Province and other crimes evidence pursuant to Federal Rules of Criminal Procedure 401, 403, 404(b) and the Sixth Amendment to the United States Constitution.

As grounds for his Motion, Mr. Mohammed states the following;

1.    Mr. Mohammed is before the Court charged in a two-count indictment with Distribution of One Kilogram or More of Heroin intending and knowing that the Heroin will be unlawfully imported in the United States in violation of 21 U.S.C. § 959, 960, Aiding and Abetting in violation of 18 U.S.C. § 2 and distribution of heroin and opium knowingly or intending to provide anything of pecuniary value to a person or organization engaged in terrorist activities in violation of 21 U.S.C. § 960(a), 841(a), 841(b)(1)(A)(I) and 18 U.S.C. § 2. Mr. Mohammed is scheduled to begin trial on Friday, May 2, 2008.

1

2.      The factual basis for the charges arises from a joint investigation conducted by the United States Drug Enforcement Agency and the National Interdiction Unit of Afghanistan. Through a cooperating witness, Mr. Khan Mohammed became the target of a sting operation. The cooperating witness successfully made contact with Mr. Mohammed and on a number of occasions secretly recorded conversations and video-taped two drug transactions.  The recorded conversations covered topics concerning, rockets, mines, and other weaponry and attacks on American, Afghani and NATO armed forces.

3.      In addition to the allegations serving as the basis for the two charges in this case, there are a number of other "facts" set forth in the discovery materials and in the grand jury testimony of the lead case agent.  Based on the agents testimony and exhibits concerning the recovery of missiles it appears that the government will allege that the missiles belonged to Mr. Mohammed or other members of "his Taliban cell" or that he is somehow responsible for or connected to the missiles.

4.      The government will have to concede that the missiles were not found in Mr. Mohammed's house, his compound or the farmland that his family has owned for generations. Thus far, the government has provided no legal or factual nexus between Mr. Mohammed and the recovered missiles.

5.      The search of Mr. Mohammed's person and property also did not result in the recovery of any documents or any type of tangible evidence to even suggest that he was a member of the Taliban, that he was a commander of a "cell", and that he received orders from Taliban senior commanders in Pakistan and that he used to be a large scale drug trafficker.

6.      Because the introduction of evidence of the missiles and evidence regarding Mr.

Mohammed's association with the Taliban amounts to other crimes evidence that would have to be introduced through hearsay, Mr. Mohammed moves to exclude all such evidence pursuant to Federal Rules of Criminal Procedure 401, 403, 404, and the Sixth Amendment to the United States Constitution.

## ARGUMENT

Under Federal Rules of Evidence 401, 403 and 404, the government should not be permitted to adduce any testimony or present any evidence regarding missiles, allegations concerning Mr. Mohammed's association with the Taliban, that he was a commander of a locally based Taliban cell in Nagarhar Province and that he used to be a large scale drug trafficker.

**A.      The government has failed to provide the requisite notice of its intention to rely upon other crimes or bad act evidence**.

The recovery of missiles that were not recovered in Mr. Mohammed's house, curtilage, or farmland has no direct relevance to the two counts charged in the indictment.  Similarly the government should be precluded from introducing evidence regarding Taliban commanders in Pakistan, that Mr. Mohammed is a commander of a Taliban cell in Nangarhar Province and that he was at some point in his life a large scale drug trafficker.  Federal Rule of Evidence 404(b) prohibits the introduction of such other crime or bad act evidence unless it falls into one of the enumerated exceptions. While (as set forth below) the evidence in this case does not fall into any of these exceptions, the government has failed to satisfy the threshold requirement of providing the defense with the requisite notice of its intention to use such evidence. Under Fed. R. Evid. 404(b), "upon request by the accused, the prosecution . . . shall provide reasonable notice in advance of trial, or during trial if the court excuses pre-trial notice on good cause shown" of other

crimes evidence it intends to introduce. The Advisory Committee Notes to this 1991 amendment to the rules state although no time limits are prescribed by the rule for the notice to be given, the notice requirement is a "condition precedent" to admissibility of 404(b) evidence. The evidence is "inadmissible if the court decides that the notice requirement has not been met." U.S. v. Barnes, 49 F.3d 1144, 1147 (6th Cir. 1995).

In the instant case, the defendant requested notice of "other crimes" evidence in his initial discovery letter, dated November 20, 2008.  The government has never indicated that they would introduce other crimes evidence.  Therefore, lacking the requisite notice of intention to introduce "other crimes" evidence any "other crimes" evidence offered at trial should be excluded.

In order for evidence of a prior bad act to be admissible, it must be both reliable and probative of a material issue other than character.  See United States v. Rawle, 845 F.2d 1244, 1247 (4th Cir. 1988); see also Fed. R. Evid. 404(b); United States v. Gaviria, 116 F.3d 1498, 1532 (D.C.Cir.1997) (citing United States v. Clarke, 24 F.3d 257, 264 (D.C.Cir.1994)).  Even if reliable and probative of a material issue, evidence of "prior bad acts" is nevertheless inadmissible if the probative value of the evidence is substantially outweighed by its likely prejudicial impact.  Fed. R. Evid. 403; Gaviria, 116 F.3d at 1532 (citing Clarke, 24 F.3d at 264).

**B.** **Allegations that Mr. Mohammed was a drug trafficker or that he was a Taliban commander, leader, sympathizer is not relevant to elements of the offenses charged, is unduly prejudicial, and in any case, is not supported by the evidence**. Any allegation that Mr. Mohammed was a drug trafficker and a Taliban commander or leader prior to his arrest for distribution of heroin does not meet the relevancy standard under 404(b). See United States v. Moore, 732 F.2d. 983, 987 (D.C. Cir. 1984) (stating that Rule 404(b) sets forth a particularized standard of relevancy). In United States v. Manner the court

stated that under 404(b), bad act evidence may be introduced to prove the defendant's "intent" if it "clearly relates logically to the offense charged," which can include whether the acts are "fundamentally similar in nature" and their "closeness in time," 887 F.2d. 317, 321 (D.C. Cir. 1989). In the instant case, the charged conduct's dissimilarity to the unproven and vague allegations that he was a large scale drug trafficker and a Taliban commander make them irrelevant to each other. The charged drug distribution occurred at a different time and place than the allegations concerning a prior history of drug trafficking.

Additionally, Fed. R. Evid. 403 states that relevant evidence may be excluded if "its probative value is substantially outweighed by its danger of unfair prejudice." In the instant case, even if this Court were to find this evidence "relevant" under Fed. R. Evid. 404(b), the prejudicial nature of this evidence far outweighs any probative value. See Moore, 983 F.2d. at 987. The obvious prejudice accruing to Mr. Mohammed from any evidence suggesting that he was involved in the murky and violent of narcotics distribution in Afghanistan is profoundly substantial. In lay jurors' minds, even within the local context, there is a nexus between weapons and drugs, and any evidence that the defendant possessed missiles while he was distributing narcotics would render it more likely that he possessed the other. Such a risk is especially great in this case since the jury will hear Mr. Mohammed talking about weapons, mines and attacks. The combined prejudice resulting from an unproven history of large scale involvement in drug trafficking, possessing or having an interest in seized missiles and being a member of much despised movement, the Taliban, would certainly cause significant prejudice to Mr. Mohammed in the minds of the jurors.

**C.**    **Evidence of the recovery of missiles and a vague unproven history of drug trafficking is not relevant to the crime charged, and is unfairly prejudicial.**

The Court in Huddleston v. United States, stated that "similar act evidence is relevant only if the jury can conclude that the act occurred and that the defendant was the actor," 485 U.S. 681, 689 (1988). In the instant case, there is no evidence that Mr. Mohammed possessed or had any interest in the missiles recovered by the Afghani and Multinational Armed Forces.

As this circuit noted, in United States v. Teffera, 985 F.2d 1082 (D. C. Cir. 1995), "[a] jury is entitled to draw a vast range of reasonable inferences from evidence, but may not base a verdict on mere speculation," (citing United States v. Long, 905 F.2d 1572, 1576 (D.C. Cir.), cert. denied, 498 U.S. 948 (1990)). Given the wholly speculative nature of the "inference" which the government would ask the jury to draw, the other-crimes evidence is irrelevant and should not be admitted.

Respectfully submitted,

A.J. KRAMER
FEDERAL PUBLIC DEFENDER


_____
Carlos J. Vanegas
Danielle Jahn
Assistant Federal Public Defender
625 Indiana Avenue, N.W.
Suite 550
Washington, D.C.  20004
(202) 208-7500